**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4535**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KELLY ANDREW HOLLAND,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.   James P. Jones, District
Judge.   (1:08-cr-00054-jpj-pms-1)

Submitted:  February 23, 2011        Decided:  March 18, 2011

Before NIEMEYER, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Lees, Jr., HUNT & LEES, LC, Charleston, West Virginia,
for Appellant.   Timothy J. Heaphy, United States Attorney,
Jennifer R. Bockhorst, Assistant United States Attorney,
Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly Andrew Holland appeals his convictions for obstruction of justice, in violation of 18 U.S.C. § 1512(c) (2006), and possession of a stolen Marlin rifle, in violation of 18 U.S.C. § 922(j) (2006). On appeal, Holland contests the district court's denial of his motion to suppress the statements given to investigators in the United States Fish and Wildlife Professional Responsibility Unit (PRU), the district court's exclusion of testimony from his wife regarding Holland's discovery of the Marlin rifle, and the sufficiency of the evidence against him. We affirm.

Holland's primary argument on appeal is that the district court should have excluded the statements Holland gave to the PRU investigators under Garrity v. New Jersey, 385 U.S. 493 (1967). We review the underlying legal determination in a motion to suppress de novo. United States v. Kellam, 568 F.3d 125, 132 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). Under Garrity, when an individual is compelled to give testimony to his public employer, and thus waive his Fifth Amendment protections, any statements given in the course of the compelled interview cannot be used in a future prosecution. Garrity, 385 U.S. at 500. The Government concedes that the protections announced in Garrity apply to Holland's statements but argues that those protections do not extend to the false statements

2

Holland provided to PRU investigators. The district court agreed with the Government that, because Holland was not on trial for the content of his statements but for their falsity, the statements were admissible.

In United States v. Mandujano, 425 U.S. 564 (1976) (plurality), the Supreme Court reaffirmed the principle that "[i]n this constitutional process of securing a witness' testimony, perjury simply has no place whatever." Id. at 576. Put another way, "[o]ur legal system provides methods for challenging the Government's right to ask questions—lying is not one of them." Bryson v. United States, 396 U.S. 64, 72 (1969) (footnote omitted). As the Eleventh Circuit explained regarding the use of false statements in an obstruction of justice prosecution:

> When an accused has been accorded immunity to preserve his right against self-incrimination, he must choose either to relinquish his Fifth Amendment right and testify truthfully, knowing that his statements cannot be used against him in a subsequent criminal prosecution regarding the matter being investigated, or continue to assert the privilege and suffer the consequences. There is no third option for testifying falsely without incurring potential prosecution for perjury or false statements.

United States v. Veal, 153 F.3d 1233, 1241 (11th Cir. 1998) (footnote omitted).

Thus, "[a]n accused may not abuse Garrity by committing a crime involving false statements and thereafter

3

rely on Garrity to provide a safe haven by foreclosing any subsequent use of such statements in a prosecution for perjury, false statements, or obstruction of justice." Id. at 1243; see also United States v. Kennedy, 372 F.3d 686, 688 (4th Cir. 2004) (affirming convictions based upon false testimony taken in violation of Fifth and Sixth Amendments). In this case, Holland was informed that he would face prosecution if he gave false information. For these reasons, the district court correctly admitted Holland's statements to the PRU investigators into evidence.[*]

Holland next argues that the district court abused its discretion in excluding his wife Shannon's testimony that, when Holland discovered the Marlin rifle, he told her that he thought he had given it back but must have accidently misplaced it during the couple's move. We review a district court's evidentiary rulings for abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009), cert. denied, 130 S. Ct. 3353 (2010).

Federal Rule of Evidence 803(3) provides that a hearsay statement is admissible if it is:

---

[*] Holland suggests briefly that admission of the testimony violated Federal Rule of Evidence 403 and that counts on which the jury acquitted him should have been dismissed before trial because those counts did not constitute crimes, as alleged in the superseding indictment. We conclude these claims lack merit.

> [a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . .

Fed. R. Evid. 803(3). The district court did not abuse its discretion in excluding the testimony under this Rule. The district court correctly concluded that Shannon's testimony was being used as a statement of memory or belief to prove the fact remembered — that Holland had not knowingly possessed the Marlin rifle — and did not fall within the ambit of Rule 803(3).

We also reject Holland's argument that the jury's verdict was not supported by sufficient evidence. This court must sustain a guilty verdict if, viewing the evidence in the light most favorable to the Government, the verdict is supported by evidence a reasonable finder of fact could accept as adequate to find the defendant guilty beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Having carefully reviewed the record, and applying the appropriate standard of review, we conclude the Government sustained its burden of proof.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

                                                                    AFFIRMED